UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 10 CR 888<br>Judge James B. Zagel |
| BRIAN BROWN. | |

## MEMORANDUM OPINION AND ORDER

Defendant Brian Brown filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c), based on a recent amendment to the Sentencing Guidelines that lowered the base offense levels applicable to narcotics offenses.

In this case, Defendant's sentence was not "based on" the Drug Quantity Table in Section 2D1.1, which is the amended guideline. The enhancement for career offender, based on Defendant's prior convictions, is unaffected by Amendment 782, and the defendant's offense level remains exactly what it as at the time of sentencing. *See United States v. Forman,* 553 F.3d 585, 589-90 (7th Cir. 2009) (no reduction because defendant was sentenced under the career offender guideline), *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) (same).

The defendant is ineligible despite the fact that this Court, at the original sentencing proceeding, departed below the guideline range, because the Court found Section 3553(a). Application note 1 of the applicable version of Section 1B1.10 (Nov. 1, 2011) (emphasis added) provides that the "applicable guideline range" means "the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."

Accordingly, my departure from the range at the original sentencing does not alter the fact that Defendant was subject to a guideline range that has not been changed by Amendment

1

750, and 3582(c) provides no relief to Defendant.

Defendant's Motion for Reduction of Sentence is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: July 8, 2015